## ANNA SCHILLING *vs.* WILLIAM H. OSTEN.

1. BREACH OF MARRIAGE PROMISE—VERDICT FOR PLAINTIFF AFTER ADMIS-
SION OF CONTRACT AND BREACH.

In an action for breach of promise to marry, the contract of marriage and
the breach thereof having been admitted by defendant, the jury should return
verdict in favor of plaintiff.

2. BREACH OF MARRIAGE PROMISE—ELEMENTS OF DAMAGE OPEN FOR CON-
SIDERATION.

In fixing the amount of damages to plaintiff suing for breach of marriage
promise, the jury may consider injury to health, mental suffering, or distress
of mind occasioned by defendant's failure, loss of time, expense incurred in
preparation for marriage, and such loss in plaintiff's business of teaching music
and languages, if any, as resulted from defendant's failure to marry her, and
from the evidence find such an amount as will reasonably compensate her.

3. BREACH OF MARRIAGE PROMISE—CONSIDERATION OF MOTIVES OF DE-
FENDANT IN DETERMINING DAMAGES.

In actions for breach of marriage promise, it is competent in ascertaining
damages for the jury to consider the motives that actuated defendant; if he
made the contract and broke it with a bad motive that may be considered;
while it is competent for defendant to show in mitigation that his motives
were not bad, and his conduct neither cruel nor malicious, and that plaintiff
suffered only nominal damages.

4. TRIAL—JURY ARE SOLE JUDGES OF CREDIBILITY AND WEIGHT OF EVIDENCE.

The jury are the sole judges of the credibility of the witnesses and the
weight of their evidence.

(*January* 16, 1920.)

CONRAD and HEISEL, J. J., sitting.
*Harry Emmons* for plaintiff.
*James W. Lattomus* for defendant.
Superior Court for New Castle County, January Term, 1920.

SUMMONS CASE, No. 117, May Term, 1919.

Action by Anna Schilling against William H. Osten for breach
of promise to marry. Verdict for plaintiff.

The plaintiff introduced evidence to show that the defendant,
after he had gained plaintiff's confidence and affection, made a
proposal of marriage to her, which she accepted; that immediately
thereafter he began making proposals to her that she live with him
as his wife, even without the prospect of an immediate marriage;
that the plaintiff refused such proposals; that defendant thereupon
requested her to release him from their engagement, which request

she also refused; that the defendant thereupon ceased communicating with her and afterwards married another woman; that as a result of defendant's conduct, she underwent great mental suffering, was broken in health and suffered money damage, her financial loss being due to the fact that after she accepted defendant's proposal of marriage she prepared her trousseau and refused pupils in music and languages, of which she was a teacher, and to the further fact that after the defendant had broken the contract of marriage, and as a result thereof, she was so broken in health as to be unable to continue her work as a teacher.

The defendant admitted the contract of marriage and the breach thereof, and introduced evidence solely in mitigation of damages, contending that he endeavored to obtain a license in the city of New York to marry the plaintiff; that said license was refused because he was unable to produce a divorce decree which he had obtained in Germany, and that he was advised by counsel that the law in other states was similar; that thereafter the conduct of plaintiff was such as to cause defendant to believe that she no longer cared for him; that plaintiff attempted to injure defendant in the estimation of his employers; and that plaintiff's alleged broken health and mental suffering were due partly to her temperament and inherent infirmity, and partly due to an automobile accident in which she was injured after her engagement to the defendant had been broken by him.

### PLAINTIFF'S PRAYERS.

That the jury be instructed to return a verdict for the plaintiff.

That in an action for a breach of promise of marriage, damages cannot be measured by a known standard, as in commercial cases, but the amount is peculiarly a question for the jury. That if in this case your verdict should be for the plaintiff, she would be entitled to recover such amount, as will compensate her for the benefits lost or detriments suffered because of the breach, and the distress, mortifications, mental suffering and injury to her affections which she has undergone in consequence thereof; and in estimating the plaintiff's damages it is proper to consider her anx-

iety of mind produced by the breach, loss of time and expenses incurred in preparation for the marriage, her loss of employment in consequence of the engagement, her loss of health in consequence of the breach of the engagement, her inability to pursue her musical occupation by reason of defendant's actions, and defendant's conduct and treatment of plaintiff in his whole intercourse with her. *9 Corpus Juris*, 371, 372.

That if in the opinion of the jury, the evidence shows that defendant intended under the guise of honorable propositions of marriage or negotiations looking in that direction, to furnish for himself an opportunity to debauch said plaintiff and in pursuance of such intention did at various times attempt to seduce said plaintiff from the path of virtue, and with the same motive made her a contract of marriage which he then intended to violate and did violate, and this may be considered by you in aggravation of damages, and in such case you may find for the plaintiff such damages as in your sound discretion, from a fair consideration of all the evidence, you may deem proper. *Kaufman v. Fye*, 99 *Tenn.* 145, 42 *S. W.* 25.

### DEFENDANT'S PRAYERS.

If the jury believe that defendant endeavored to obtain a license to marry the plaintiff in the city of New York, and that said license was refused because he was unable to produce his divorce decree, and that he was advised by counsel that the law in other states was similar, and he endeavored to obtain his divorce decree, in order to carry out his agreement with plaintiff, the same should be considered by the jury in mitigation of damages.

That the defendant's attempt to secure a license to marry plaintiff, her evident and expressed lack of affection for him, her attempts to injure defendant in the estimation of his employers and the general character and temperament of plaintiff should be considered by the jury in mitigation of damages.

If the jury should believe that the alleged broken health and mental suffering was largely due to plaintiff's temperament and inherent infirmity, the same should be considered by them in mitigation of damages. *Kelley v. Highfield*, 15 *Or.* 277, 14 *Pac.* 744.

That the marriage state ought not to be lightly entered into. It involves the profoundest interests of human life, transmitting its complex influences direct to posterity. The marriage engagement should be viewed as a period of probation, so to speak, for both parties, their opportunities for finding one another out, and if that probation results in developing incompatibility of tastes and temperament, coldness, suspicion and incurable repugnance of one to the other, though all this may impute no vice to either, nor afford matter for judicial demonstration, duty requires that the match be broken off. *Goddard v. Westcott*, 82 *Mich.* 188, 46 *N. W.* 242.

HEISEL, J., charging the jury:

This is an action brought by the plaintiff, Anna Schilling, against the defendant, William H. Osten, for the recovery of damages for injuries alleged to have been suffered by her, by reason of his failure to carry out a promise or agreement to marry her.

She claims that on the tenth day of March, 1917, after an acquaintance of about two years the defendant proposed marriage to her and she accepted his proposal; that said agreement to marry was to have been carried into effect, and said marriage solemnized during the months of April or May, 1917, or as soon thereafter as possible, and that defendant subsequently refused to carry out his said agreement.

The defendant admits the promise to marry the plaintiff, as claimed by her, and also admits his failure to carry such promise into execution, but denies that the plaintiff suffered any material injury thereby, and adduced evidence to show the circumstances under which the engagement was broken for the purpose of reducing the amount of damages.

[1, 2] The contract of marriage and the breach thereof having been admitted by the defendant, you should find a verdict in favor of the plaintiff. In fixing the amount of damages she is entitled to receive, you may take into consideration any injury to her health, her mental suffering, or distress of mind, if any, occasioned by the failure to carry out the engagement; any loss of time and expense incurred in preparation for the marriage and

such loss in her business of teaching music and languages, if any, as resulted from his failure to marry her; and from the evidence find such an amount, as will in your judgment, reasonably compensate her for such loss as she may have thus sustained.

[3]   In actions of breach of promise of marriage, it is also competent for the purpose of ascertaining the damages for you to consider the motives that actuated the defendant in entering into and breaking the contract.   If he entered into the contract and broke it with a bad motive and a wicked heart, you may consider that in reaching your conclusion.   On the other hand, it is also competent for the defendant to show in mitigation of damages that his motives in entering into and breaking the engagement were not bad, and that his conduct was neither cruel nor malicious, and that the plaintiff was not in fact injured and suffered only nominal damages.

[4]   You are the sole judges of the credibility of the witnesses and the weight of their evidence, and it is from the evidence under the law as we have announced it, you are to ascertain the amount of the verdict in this case.

Verdict for plaintiff.